Thomas vs. Kerr.

---

CASE 40—PETITION ORDINARY—JUNE 26.

# Thomas vs. Kerr.

APPEAL FROM BOURBON CIRCUIT COURT.

1.  An auctioneer is primarily deemed the agent of the seller of the goods; but, for certain purposes, he is deemed the agent of both the seller and buyer; as, by knocking down the goods sold to the highest bidder, and inserting his name in a book or memorandum as such, he is considered the agent of both parties, and the memorandum so made by him will bind both parties. (*Story on Agency, sec.* 28.)

2.  Unless an auctioneer discloses the name of his principal when he sells, he will be regarded as the vendor himself.

3.  If, while an auctioneer is selling the goods of one man, another procures him to sell his goods, without informing him whose they are, it is a fraud both on the auctioneer and on the bidders, such as would entitle him to whom the goods were knocked down to repudiate the sale upon the discovery of the fraud.

J. A. PRALL,                                     For Appellant,

CITED—

Story on Agency, sec. 421, pp. 526, 527.
3 Johns. Ch'y R., 167, 178; Gray vs. Murray.
11 Ad. & Ell., 589; Freeman vs. Loder.

*Dunlap's Paley on Agency, note, p.* 175; *Ib.,* 324, *and notes.*

13 *East.,* 274 ; *Routh vs. Thompson.* ·

R. T. DAVIS,                                    For Appellee,

CITED—

*Chitty on Contracts,* 212.

*Hare & Wallace's Am. Leading Cases,* 420.

*Story on Agency, sec.* 251, 3*d ed.*

6 *Manning & Granger,* 236 ; *Wilson vs. Freeman.*

*English Common Law Reports,* 46.

16 *Common Bench R.,* 81.

*Story on Sales,* 129, *and cases cited ; Ib.,* 482.

*Pothier on Obligations, s. p.* 31.

22 *Pickering,* 53 ; *Matthews vs. Bliss.*

1 *Starkie,* 434 ; *Hill vs. Gray.*

2 *English Common Law Reports,* 459.

*Smith's Mercantile Law, sec.* 4, *p.* 204.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This is rather an interesting case, both on account of the novelty of the facts and of the legal questions arising thereon.

R. B. Hutchcraft, as the executor of his father, had a public sale of the testator's effects on the 15th of June, 1867. After the commencement of the sale, and before its termination, appellant, with the consent of Hutchcraft, presented, through the auctioneer who was conducting the sale for Hutchcraft, a mare and mule colt for sale. It was not proclaimed that they were not the property of Hutchcraft, and it does not appear that any one, except himself and appellant, knew to whom they belonged; certainly, the auctioneer and appellee believed they were a part of the testator's property.

Having been put up, and appellee being the best bidder, they were knocked down to him at the price of

eighty-five dollars and twenty-five cents. On the same day, and very soon afterwards, learning that they were not the property of Hutchcraft's testator, but belonged to appellant, he thereupon immediately renounced the sale, refused to have anything to do with them, and started home, leaving them at Hutchcraft's, where they were when he bid for them.

From the evidence, it appears that one Roberts, the manager of Hutchcraft, took the mare away in the fall; but what became of the mule does not appear.

This action was brought against appellee for the price he bid for the stock. On the trial, the law and facts were submitted to the circuit judge, who rendered judgment for appellee, which appellant now seeks to reverse.

Whether the parties made a valid, binding contract in reference to this stock is the only question to be determined. The apparent difficulty in the solution of this question may be removed by a recurrence to a few, very familiar legal principles. The approved definition of a contract is, an agreement by the parties, upon a sufficient consideration, to do or not to do a particular thing.

A contract may be made by a legally constituted agent; and when so made, it will be as binding as if made by the principal in person. It is not pretended that this alleged sale was made by appellant himself; but if in fact made, it was done by the auctioneer employed by Hutchcraft to sell the goods of his testator on that day.

An auctioneer is one who sells goods, &c., at public auction for another on commission or for a recompense, and is primarily deemed the agent of the seller of the goods; but, for certain purposes, he is deemed the agent of both the seller and buyer; as, by knocking down the goods sold to the highest bidder, and inserting his name in his book or memorandum as such, he is considered the

agent of both parties, and the memorandum so made by him will bind both parties. (*Story on Agency, sec.* 28.)

But as in this case, if he believes he is selling the goods of one man, and, without his knowledge, the goods of another man, with whom he has made no agreement, are placed in his hands to sell, can he thereby become his agent? Unless an auctioneer discloses the name of his principal when he sells, he will be regarded as the vendor himself. He cannot disclose who his principal is if he does not know him; and if, while he is selling the goods of one man, another procures him to sell his goods, without informing him whose they are, it is a fraud both on the auctioneer and on the bidders, such as would entitle him to whom the goods were knocked down to repudiate the sale upon the discovery of the fraud.

Obvious prudential reasons might induce bidders to purchase goods as the property of one owner, when they would not make a bid for them as the property of a different owner. Such as the confidence they might have in the one to answer in damages for a breach of the implied warranty of title, while they would have no confidence in the ability of the other, and other reasons, which may be readily imagined, and need not therefore be enumerated, would influence bidders.

Wherefore, we concur fully with the circuit judge in opinion, and his judgment is *affirmed*.