### Lawson R. Barker v. John Keown.

1. CONTRACTS—*Parties Have a Right to Know with Whom They Are Contracting.*—Every person has a right to select and determine with whom he will contract, and can not have another person thrust upon him without his consent, and if goods be sold as the property of some person other than the owner, the purchaser may refuse to take them on discovering the fact.

Transcript, from justice of the peace. Appeal from the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

R. E. VANDEVENTER and VANDEVENTER & MONTGOMERY, attorneys for appellant.

REGAN & BAKER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $53 recovered by Keown against Barker for the price of a horse.

The facts material to be considered are that Edward Irving, as administrator, advertised to sell at public auction the personal property of Thomas Vandeventer, deceased, consisting mainly of agricultural implements, grain, live stock, etc. Among other chattels so advertised were a number of horses. The sale lasted two days. The appellee privately induced the auctioneer to place the horse in question among those of the estate, and offer it for sale without any intima-

tion or suggestion that it did not belong to the estate, and the appellant, not knowing or having any reason to know or suppose that it was not the property of the estate, bid on and purchased it at the price of $53.

The animal was found to be of a vicious disposition, and the appellant learning that it had belonged to the appellee, and not to the estate, refused to take it from the premises, and never did take or use it in any way.

It was taken away by some one else, and was finally sold for a feed bill.

The question is whether the fraud practiced upon the appellant in putting up the horse as the property of the estate when it was not, gave him sufficient reason for rescinding the purchase, and refusing to pay the amount of his bid. We think the answer should be in the affirmative. It is a rule of general application that every one has a right to select and determine with whom he will contract, and may not have another person thrust upon him without his consent.

A man may be willing to deal with a certain person for some reason satisfactory to himself, and yet not with another on precisely the same terms.

He has that right, and having made a proposition or an offer to A, may refuse to make it to B. Hence, if A should accept, and B should carry it out by furnishing the goods or the like without his knowledge that B and not A was doing it, he could not be held.

Such in substance was the case of The Boston Ice Company v. Potter, 123 Mass. 28.

There the defendant contracted with the Citizens Ice Company for his supply of ice. The latter company sold its business to the plaintiff, and it furnished ice to the defendant for a year. The ice was left at defendant's dwelling as ordered by his servants, but he did not know that it was not being furnished by the Citizens company.

He was held not liable, and it was said, in substance, that it was his right to contract with whom he pleased; that his reasons for so doing were not to be inquired into, and that he could not be made liable to another without his consent.

No privity of contract was established between plaintiff and defendant, and without such privity the possession and use of the property would not support an implied assumpsit.

No presumption or assent could be implied from the reception and use of the ice, because defendant did not know it was furnished by plaintiff and supposed it came from the Citizens company under his contract. Many cases were cited, among which was Winchester v. Howard, 97 Mass. 303, very much like the present.

A case still more like it, indeed identical with it in all essential features, is Thomas v. Kerr, 3 Bush (Ky.), 619, where it was held that the bidder under such circumstances is not bound upon the same reasoning above outlined. The general principle involved is announced in Arkansas Smelting Co. v. Belden Co., 127 U. S. 379. We are of opinion the appellant was not liable. The judgment will be reversed and the cause remanded.