AGENTON B. LEHNARD
*v.*
JOHANNA SPECHT *et al.*

*Opinion filed June 17, 1899.*

1. WILLS—*will construed as passing a vested remainder.* A devise of property to a trustee with power of disposal under certain conditions, any part of the property remaining at his death to belong to named persons, passes a vested remainder to the latter, subject to its being divested by a proper exercise of the trustee's power.

2. SAME—*when trustee cannot use principal for charitable purposes.* A trustee under a will, with power to use the income for his support and for charitable or benevolent purposes, and to use the principal

for such purposes "if necessary," cannot donate real estate covered by the trust to a church, where the will requires him to use the property in a manner productive of the greatest income and gives a vested remainder in property undisposed of to third persons.

3. TRUSTS—*remainder-men are entitled to have trustee's fraudulent deeds set aside.* A trustee having disposed of real estate, or attempted to dispose of the same, in violation of the terms of the trust and in pursuance of a conspiracy to defraud the remainder-men, the latter are entitled to have the fraudulent conveyances set aside in equity and the real estate covered thereby partitioned.

4. SAME—*what facts raise relation of trustee de son tort.* A wife who neglects and refuses to take out letters of administration on her husband's estate, and who conceals and converts to her own use trust funds in his control at his death, becomes a trustee *de son tort*, and the parties entitled to such fund may invoke the aid of equity to compel an accounting.

APPEAL from the Circuit Court of Fayette county; the Hon. TRUMAN E. AMES, Judge, presiding.

This was a bill in equity brought by Agenton B. Lehnard in the circuit court of Fayette county, against Samuel F. Lehnard, Johanna Specht, and others, for partition of certain land and for other relief set out in the bill. The complainant alleged in the bill that he is the owner in fee of the undivided one-half of lots 6 and 7 in the village of Farina, Fayette county, and that Samuel F. Lehnard is the owner in fee of the other undivided one-half of said lots. It was also alleged in the bill that complainant and Samuel F. Lehnard derived their title to said lots as follows: That heretofore, on the 26th day of February, 1889, one Elizabeth Specht was the owner in fee of said lands, and that she derived her title thereto through sundry conveyances having their origin in and through the United States government, and that she had been such owner of said premises for a long time prior thereto, to-wit, for more than five years; that said Elizabeth Specht died testate February 26, 1889, in Fayette county, Illinois; that at her death she left a valid will, which afterward, on the 6th day of March, 1889, was by

the county court of Fayette county, Illinois, duly admitted to probate and filed and entered of record in the county court of Fayette county, as well as the probate thereof, which will so admitted to probate was the last will and testament of the said Elizabeth Specht; that by said will said Elizabeth Specht devised said lands, as well as all of her personal property, which consisted of money, notes and mortgages, (which personal effects aggregated in value $3000,) to one John Specht, to be held by him in trust, for him to use the income thereof during his natural life; that said will provided that after the death of said John Specht said lands and lots, and all of such personal property as had not been used and consumed by said John Specht for the proper support and maintenance of him, the said John Specht, should go to and the same was devised to your orator, Agenton B. Lehnard, and the defendant Samuel F. Lehnard, in equal parts, as tenants in common. The will was set out *in hæc verba* and made a part of the bill.

It was also set out in the bill that Elizabeth Specht was not indebted at her death, and that she left other lands besides said lots 6 and 7 and $3000 worth of money, notes and mortgages, all of which came to the hands of John Specht, as such trustee; that he sold and conveyed one tract of land to one Harris for $400 and another tract to one Demonbrun for $300, and that that was all the lands, except said lots 6 and 7, left by said Elizabeth; that he married Johanna Specht; that she had a brother named Edward Heming; that said John Specht, Johanna Specht and Edward Heming conspired together to defraud complainant and Samuel F. Lehnard out of their interest in said lots 6 and 7 and cloud their title thereto; that in furtherance of said conspiracy to cloud their title and defraud them, said John and Johanna Specht, without consideration, deeded said lots to Edward Heming, and that Heming and wife deeded the same, without consideration, to Johanna Specht; that in furtherance of said

intention and conspiracy said Johanna and John Specht, in 1895, without any consideration and as a gift, and with intent to defraud, etc., deeded said lots to John Specht and others, as trustees of the German Methodist Episcopal Church of Farina, Illinois, in which deed said grantors reserved a life estate during the lifetime of the survivor of said grantors, and recited in said deed that the same was made by virtue of the power vested in John Specht under the will of Elizabeth; that said trustees or church never have had any possession of said lots, but they then had, and now have, their church house on other distant grounds; that John Specht died intestate in 1896 without owing any debts, and left $3000 in moneys, notes and mortgages, being the said trust funds in his hands, and that no administration ever issued on his estate; that Johanna Specht took all of said trust funds, being money, notes and mortgages of the value of $3000, and has concealed the same, and has refused to take out administration because she feared to disclose the trust funds in her hands and by her converted to her own use, and has ever since his death so concealed the said trust funds and the amount thereof; that John and Johanna Specht so conveyed with specific intent to defraud and cloud the title, etc., and without having power under the will, and that the trustees of the church knew, etc. The bill prays to set aside the deed to the church of lots 6 and 7 and to partition the same between A. B. and S. F. Lehnard, and that Johanna Specht may render an account of the trust funds, etc.

To this bill the defendants, Johanna Specht, the trustees of the church and the church, interposed a general demurrer, alleging no equity in the bill. The circuit court sustained the demurrer and dismissed the bill for want of equity therein. To reverse the decree complainant appealed.

BROWN & ALBERT, for appellant.

Mr. Justice Craig delivered the opinion of the court:

In order to obtain a clear understanding of this case it will be necessary to refer to the will of Elizabeth Specht, as the rights of the parties depend upon that instrument. The same was set out in the bill and made a part thereof, as follows:

"I give and bequeath my entire property, real, personal and mixed, of whatever nature soever, that I may own at the time of my death, to my husband, John Specht, to have and to hold, however, in trust for the following purposes:

"*First*—Said John Specht, as such trustee, shall pay all such indebtedness as I may owe at the time of my death.

"*Second*—He shall use, handle and make such disposition of the residue of my property as in his judgment will be to the best advantage to secure the largest income therefrom, even to the changing the real into personal and the personal into real, power being hereby given to do either or both.

"*Third*—And out of the said income, if it be sufficient, said John Specht shall have, take, keep and use enough for his own support and maintenance in a comfortable living, and for such charitable and benevolent purposes and gratuitous donations and other purposes as he may, in his discretion, think proper or desires, and, if necessary for any or all of these purposes, he may draw upon the principal of the property hereby bequeathed.

"*Fourth*—If there is any part of said property hereby bequeathed or that may go into the hands of the said John Specht, as my executor or trustee, under and by virtue of this will, that may remain at the time of his death, I give and bequeath the same to my two second cousins, Agenton B. Lehnard and Samuel Frederick Lehnard, share alike."

By the terms of the will the property of the testatrix, both real and personal, was devised to her husband, John Specht, in trust for certain specified purposes: First, for the purpose of paying the debts of the deceased; second, to manage the property so as to produce the largest income; third, the trustee was authorized to use enough out of the income for his own support and maintenance in a comfortable living, and for such charitable and benevolent purposes and gratuitous donations as he might think proper. The third clause further provided that, if

necessary for any or all of these purposes, the trustee might draw on the principal of the property. Under the fourth clause, all the property bequeathed or that might pass into the hands of the trustee under the will, which remained at the time of his death, was devised to A. B. Lehnard and Samuel F. Lehnard.

Under the will we think it is clear that A. B. and S. F. Lehnard took a vested remainder in the lands belonging to Elizabeth Specht at the time of her death, subject to its being divested by a proper exercise of the powers vested in John Specht by the second and third clauses of the will. It seems apparent from the second provision of the will that the testatrix did not intend that her husband, who was selected as trustee, should squander or give away the property devised, but, on the other hand, he was required to use and dispose of the property in such manner as to secure the largest income. If given away or squandered, of course there could be no income derived from the property. Under the first part of the third clause of the will it seems to have been the intention of the testatrix, as expressed in that clause, that if the income was sufficient her husband should have a comfortable living out of the income, and also, if it was sufficient, he was authorized to use a part thereof for charitable and benevolent purposes and gratuitous donations. Doubtless the primary object was, first, to authorize the use of the income for support, and if anything remained it might be used for the other purposes named. What amount the trustee was authorized to use for the purposes indicated, from the income, was not specified in the will, but, doubtless, the intention was that the amount used for such purpose should be reasonable in view of the amount of the estate placed in the hands of the trustee, the income it produced, and also the demands which would likely be made for charitable and benevolent purposes upon one situated in life as the trustee was.

It will be observed that the last part of the third provision of the will contains the following: "And, if necessary for any or all of these purposes, he may draw upon the principal of the property hereby bequeathed." This clause of the will, in arriving at the intention of the testatrix, must be considered in connection with the other provisions of the will. By the second clause the trustee was required to handle the property to the best advantage to secure the largest income. The object the testatrix had in mind by incorporating this provision in the will was to obviate a necessity of resorting to the principal fund. The trustee was not authorized to resort to the principal fund unless it was necessary. The word "necessary," as here used, has an important bearing. No doubt, if the income, after a judicious management of the property, became insufficient to furnish the trustee a comfortable living, then he might draw upon the principal; but could it become necessary, within the meaning of the will, for him to take the principal estate and give it away for a charitable or benevolent purpose? We do not think a necessity could arise for such a purpose. It cannot be held that the trustee had the right to take the principal of the property and donate it to a church, and thus cut off the remainder-men, without disregarding the positive requirement contained in the second clause, to handle the property so as to secure the largest income. We think, therefore, that the reasonable construction to. be placed on the will, when all of its provisions are considered, is, that the trustee was only authorized to resort to the principal of the property when it was necessary to do so for his maintenance and support.

But upon recurring to the allegations of the bill, which are admitted to be true by the demurrer, it will be seen that the trustee has disposed of the trust property, or attempted to dispose of the same, contrary to the trust under which he held the property. It is alleged that after John Specht took upon himself the execution of the

trust he married one Johanna Specht; that Edward Heming was a brother of the said Johanna; that John and Johanna Specht and Edward Heming conspired together to defraud the complainant and Samuel F. Lehnard out of their interest in the said trust property; that John Specht and Johanna Specht, without any consideration, executed and delivered to Edward Heming a deed purporting to convey to Heming lots 6 and 7 in block 18, in the village of Farina; that on June 13, 1892, Edward Heming, without any consideration whatever, executed and delivered to Johanna Specht a deed for the said property; that on the 11th day of September, 1895, John Specht, and Johanna, his wife, in furtherance of said conspiracy, without consideration and as a voluntary gift, executed and delivered to John Specht, Philip Lehnard, and others, as trustees of the German Methodist Episcopal Church of Farina, a deed purporting to convey said lots, reserving, however, a life estate in the grantors, John and Johanna Specht, during the lifetime of the survivor of the grantors. If these allegations are true, (and they are to be so regarded on demurrer to the bill,) we are inclined to the opinion that complainant was entitled to have the fraudulent conveyances set aside and a partition of the premises, as prayed for in the bill. *Henderson* v. *Blackburn*, 104 Ill. 227; *Griffin* v. *Griffin*, 141 id. 373.

It is also alleged in the bill that John Specht died intestate in the year 1896, leaving $3000 in money, notes and mortgages of the trust funds in his hands; that no letters of administration ever issued on his estate; that Johanna Specht took all of said trust property, which she has concealed and converted to her own use. As has been seen, the fourth clause of the will provided: "If there is any part of said property hereby bequeathed or that may go into the hands of the said John Specht, as my executor or trustee, * * * that may remain at the time of his death, I give and bequeath the same to * * * Agenton B. Lehnard and Samuel F. Lehnard, share and

share alike." Under this provision of the will all the trust property that remained upon the death of the trustee belonged to the Lehnards, and if it passed into the hands of Johanna Specht she occupied the position of a trustee *de son tort*, and they had the undoubted right to invoke the aid of a court of equity to compel her to account for the property.

From what has been said it follows that the court erred in sustaining the demurrer to the bill. The judgment of the circuit court will be reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded.*