ANNA E. SWEESY, Admx., Appellant, vs. ALFRED C. HOY
et al. Appellees.

*Opinion filed February 16, 1927.*

FREEHOLD—*freehold is not involved in suit by administratrix to
recover assets under deed of trust—cross-bill.* A bill filed by an
administratrix in the nature of a bill to discover assets and for an
accounting of the proceeds of the sale of property which had been
conveyed to a trustee, the deed of trust reciting that the interests
of the beneficiaries shall be considered personal property, does not
involve a freehold, notwithstanding a defendant has filed a cross-
bill claiming to be the owner of the interest of the administratrix's
intestate as widow and by virtue of a conveyance by the trustee
at the request of the surviving beneficiaries and the bill seeks to
set aside said conveyance as fraudulent, where all the parties are
interested only in the proceeds of the sale of the land.

APPEAL from the Superior Court of Cook county; the
Hon. OSCAR HEBEL, Judge, presiding.

EARL J. WALKER, and ALANSON C. NOBLE, for ap-
pellant.

CARNAHAN & SLUSSER, and GEORGE W. THOMA, for
appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed by Anna E. Sweesy, as
administratrix of the estate of Harry M. Hess, deceased,
and as guardian of Harry M. Hess, Jr., the only child of
Hess. The bill alleged that in January, 1923, Martin J.
Ahern conveyed certain lands described, to the Chicago
Title and Trust Company under a trust agreement that the
trustee would hold the same for the benefit of Carl D.
Baker, who owned a five-tenths interest, Alfred C. Hoy a
three-tenths interest, John L. Hess a one-tenth interest and
Harry M. Hess a one-tenth interest. The trust deed re-
cited that it was understood between the parties to it and

any person who may become entitled to an interest in the property, that the interest of the parties consists solely of a power of direction to deal with the title and the right to receive the proceeds from rentals and sales, and that the interests of the parties should be deemed personal property and be assignable as such, and in case of the death of a beneficiary the interest should pass to his or her executor or administrator and not to his heirs; that the beneficiaries have no right, title or interest in or to any portion of the real estate as such, but only an interest in the proceeds as aforesaid, the intention being to invest the full legal and equitable title in the trustee. The bill alleges Harry M. Hess died October 1, 1923, and left Harry M. Hess, Jr., as his only child. On October 3, 1923, Carl D. Baker, Alfred C. Hoy and J. L. Hess requested the Chicago Title and Trust Company, in writing, to convey the title to George T. Preschern, which the trustee did, and on the same day Preschern conveyed the property to the Union Bank of Chicago under a trust agreement similar to the one of the Chicago Title and Trust Company, except that Harry M. Hess was not mentioned as a beneficial owner, but his widow, Mary O. Hess, was said to be the owner of a one-tenth interest. The bill alleges the conveyances of the Chicago Title and Trust Company to Preschern and from him to the Union Bank of Chicago were fraudulent as to the heirs and creditors of Harry M. Hess. The bill alleges the land so held in trust has been laid off into lots and blocks and approximately $1,000,000 worth of it sold and the proceeds of the sale disbursed without any authority of law or the consent of the administratrix or guardian. Mary O. Hess was the second wife of Harry M. Hess and his widow. Harry M. Hess, Jr., was the only son of his first wife and Mary O. Hess had no children by him. The bill prays for an accounting by the defendants; that Alfred C. Hoy be directed to pay over to plaintiff one-tenth of the amount collected; that an injunction issue enjoining

the defendants from paying out, receiving and disbursing the proceeds of the sale of the land; that a receiver may be appointed to take charge of the land and of the collections, and that defendants be enjoined from selling or in any manner disposing of the remaining real estate or any part of it. The bill was answered by the defendants, and Mary O. Hess filed a cross-bill claiming to be the owner of a one-tenth interest in the property. The cause was referred to a master in chancery, who heard the evidence and reported recommending a decree be entered that Mary O. Hess was the beneficial owner of a one-tenth interest in the real estate and that the original bill of complaint of Anna E. Sweesy, administratrix and guardian, be dismissed for a want of equity. A decree was so entered. The decree is lengthy, but as we have no jurisdiction of the case we think we have set out all that is necessary to determine that question.

Counsel for complainant themselves denominate the bill a bill in the nature of a bill to discover assets and to set aside a fraudulent conveyance. The trust instrument recites that those who are the owners of the beneficial interest own no title to the land but their interests are personal property. Just what portion of the land has been sold has not been stated, but from the amount alleged to have been received it must have been a very considerable portion of the land, and it is in the proceeds of the sale that the parties are interested, and that is what is sought to be uncovered by the bill.

No freehold is involved in the case, (*Duncanson* v. *Lill,* 322 Ill. 528, and cases there cited,) and there is no other question which would give us jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the First District.                         *Cause transferred.*