(No. 32427.—

HAROLD BURNS, Appellant, *vs.* JOSEPH EPSTEIN *et al.,* Appellees.

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

CARL H. URIST, of Chicago, for appellant.

GEORGE A. GORDON, of Chicago, for appellees.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

On June 7, 1951, Harold Burns, the purchaser under a contract for the sale of real estate, brought suit for specific performance in the superior court of Cook County. Joseph Epstein, the seller under the contract, and Liberty National Bank of Chicago, a trustee holding legal title for him, were made defendants. A motion to dismiss the complaint as amended was granted by the superior court, and plaintiff appeals directly to this court.

Under the allegations of the complaint as admitted by the motion, legal title to the property is held by the bank in trust for the sole benefit of Epstein, who controls and manages it as fully and to the same extent as if he had legal title thereto. The trust instrument gives Epstein full power of control and direction over the trustee, including authority to require it to convey title, and the bank has no direct or active powers or duties with respect to the property except as directed by Epstein.

The contract was signed on May 11, 1951, by plaintiff as purchaser and by Epstein, described as beneficiary under the trust, as the seller. It provides for sale of the property at a price of $13,000, of which $500 was paid at the time of signing the contract. An additional $3000 of the purchase price was to be paid upon delivery of "articles of agreement for a trustee's deed," and the balance of $9500

was to be paid "in equal monthly installments of $120.27, or more, including principal and interest at 5%, until paid." When the balance was reduced to $5000 the purchaser was to be entitled to a deed and he was then "to execute purchase money mortgage with interest from the date of delivery of deed at the rate of five per centum per annum, payable $120.27 monthly, to be evidenced and secured by the purchaser's notes and trust deed of even date with said deed on said premises in a form ordinarily used by the Chicago Title and Trust Company."

The amended complaint further alleged that defendant Epstein "has refused, and continues to refuse, to perform his obligations under the said contract," and that plaintiff "hereby offers to bring into court the said additional sum of Seven Thousand Five Hundred Dollars ($7500) in cash as aforesaid and a purchase money mortgage as aforesaid, against execution and delivery to plaintiff of a deed to the said premises."

Defendants do not dispute plaintiff's right to pay in a lump sum the $7500 which, together with the $500 earnest money and the purchase money mortgage, would entitle him to a deed. But they insist that the contract, and the material allegations of the complaint, contain certain infirmities which preclude the granting of specific performance. The motion to dismiss the complaint sets forth, in eighteen numbered paragraphs, several grounds for attacking the complaint. Only three, however, are argued in defendants' brief in support of the decree. It is urged, first, that the contract is too indefinite and uncertain in its terms to be enforced by specific performance. Five objections in this respect are specified, namely: (1) There is no date for maturity of the notes and trust deed; (2) it is not stated whether the monthly payments include interest or whether interest is to be added to such payments; (3) no date is mentioned upon which the monthly payments are to be made; (4) it is not stated to whom

the notes are to be payable; and (5) it is uncertain who should execute the deed.

Examination of the contract discloses little merit in these objections. As to maturity it provides that the mortgage indebtedness shall be payable in installments of $120.27 monthly. Under this arrangement one installment becomes due each month successively, and the time of maturity of the final installment can be readily ascertained. The mere fact that computation is necessary in order to find the date when the final payment matures does not render the provision objectionable for uncertainty and vagueness.

With respect to the inclusion or addition of interest, the language of the contract, while not as clear as it could be, is reasonably free from ambiguity. It provides that the entire balance of $9500 shall be paid in monthly installments of $120.27 including principal and interest. It then states that when the balance has been paid down to $5000 the purchaser shall be entitled to a deed and is to execute a purchase money mortgage "with interest from the date of delivery of deed at the rate of five per centum per annum, payable $120.27 monthly * * *." While the second provision referred to, standing alone, would ordinarily mean that the stated installment amount is principal only, here it follows an express direction that the entire balance shall be paid in installments which include interest. In view of this fact, and the further fact that the stated installment amounts are the same in each instance, the reasonable construction is that installments payable after delivery of the deed, as well as those payable before, are to include interest.

The criticism that no day is specified on which the monthly payments are to be made is likewise insufficient to show a fatal uncertainty or vagueness. The contract provides that the indebtedness shall be paid in the designated installments monthly. In the absence of a specified

different date, the provision means simply that the installments fall due on the monthly anniversaries of the mortgage date. See 10 Corpus Juris Secundum 738.

Arguments that the contract is vague because no one is designated to whom payments are to be made and no person is named who is to execute the deed merit little attention. The seller and beneficial owner is entitled to the purchase price, and he has the obligation to convey the property'or cause it to be conveyed. As title is held by the trustee, when the time for performance arrives, the deed should be executed by it.

The second contention urged by defendants is that the complaint fails to allege a breach or nonperformance of the contract and therefore does not state a cause of action. This argument, apparently, is based upon the fact that when the original complaint was filed, on June 7, 1952, less than one month had expired after the date of the contract, and the only respect in which Epstein was or could be in default at that time was in failing to provide a title guarantee policy or preliminary report on title within twenty days as required by the contract. The plaintiff had attached as an exhibit to the complaint a letter dated May 29, 1951, sent by his attorney to Epstein demanding that the latter indicate whether he would perform his obligations under the contract, and stating that "Mr. Burns has been informed that you have stated that you will not perform your obligations under that contract." Both parties devote much of their argument to the effect of this letter and the question whether or not it contains material "allegations." While we agree with defendants that the letter does not sufficiently allege an anticipatory breach, as contended by plaintiff, its contents are not decisive of the issue. The body of the complaint, as amended November 20, 1951, alleged a refusal to perform. It also alleged or made a tender of the entire amount required to entitle plaintiff to a deed under the terms of the contract. Under the cir-

cumstances averred defendant Epstein was obliged to produce a deed, and a breach of that obligation was sufficiently charged. It is not necessary to allege matters of evidence, or the particular words or actions of defendant from which the refusal or breach arose.

Defendants lastly maintain that plaintiff "made his election in his original complaint" to pay $3000 and receive articles of agreement for a deed, rather than pay $7500 and give a purchase money mortgage for a deed, and that "having once made his election he should not now be permitted to make another." They take the position that once the purchaser has elected to take the "articles of agreement for a trustee's deed" and to pay the entire balance of $9,500 in the designated monthly amounts, he is estopped from making another election; and that the tender of $7500 and a purchase money mortgage for $5000 was therefore improper and insufficient. This position cannot be sustained. Where a contract gives the purchaser a right to pay either a designated installment amount "or more," it is clear he can pay in a lump sum the entire amount required to entitle him to a deed, even after the installments have begun. (*Waggoner* v. *Saether,* 267 Ill. 32.) Moreover, the allegations of the original complaint, to which defendants seek to attribute the effect of an irrevocable election, have been superseded by the amendments to the complaint, and no question is presented concerning the propriety of allowing the amendments. The argument is so clearly devoid of merit that no useful purpose could be served by discussing it further.

We have examined the contract in question and the material allegations of the complaint, and find no fatal defect therein. We conclude, therefore, that the superior court erred in dismissing the complaint. The decree is reversed and the cause remanded, with directions to overrule the motion.

*Reversed and remanded, with directions.*