**Leonard W. Schneider, et al., Plaintiffs-Appellees, v. Pioneer Trust and Savings Bank and William Harmon, Defendants.**
**On Appeal of William Harmon, Appellant.**

**Gen. No. 47,832.**

First District, Third Division.

May 25, 1960.

Robert F. Greer, of Chicago (Werner H. Sommers, of counsel) for appellant.

Finn, Shehee, Canary, and Berent, of Chicago (J. Glenn Shehee, John M. Berent, of counsel) for appellees.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered against the defendant Harmon by the court, without a jury, on facts submitted under a stipulation of facts in accordance with Rule 48 of the Rules of the Supreme Court.

The stipulation of facts indicates that the complaint was filed to recover the sum of two thousand dollars which had been paid to defendant Harmon to be deposited in escrow at the Pioneer Trust and Savings Bank. The deposit was made with a written offer to the defendant Pioneer Trust and Savings Bank to purchase certain real estate held by it as trustee for the benefit of defendant Harmon. Plaintiffs offered to purchase the real estate for the sum of $22,-950, with the condition that the offer be accepted within fifteen days or the deposit be refunded to the

plaintiffs. The offer was attempted to be accepted by the defendant Harmon as owner, by written notation thereon.

A motion to dismiss by the defendant Pioneer Trust and Savings Bank was granted on the ground that they were never made aware of the negotiations and they were dismissed from the case.

At all times pertinent to this appeal, the property in question was held by the Pioneer Trust and Savings Bank as trustee under a land trust. Defendant Harmon was the sole beneficiary of the trust and according to the terms of the trust agreement, had authority to order a conveyance of the property by the bank. He filed an answer to the complaint, setting up that although the offer is addressed to the trustee, the transaction was actually between the plaintiffs and himself, and that the offer was accepted by him with the knowledge and acquiescence of the plaintiffs. The answer also alleges that he was the real owner of the property, with authority to sell, and that he was at all times ready, willing and able to convey the real estate in question.

Plaintiffs replied, denying that the transaction was between plaintiffs and Harmon. They allege that Harmon was not the owner of the property and that he was neither authorized to sell the property nor ready, willing and able to convey the property. The two thousand dollar deposit has been removed from the escrow account by defendant Harmon.

██ Appellant contends that since he was the only person with authority to command the trustee to convey the property, he was entitled to accept the offer addressed to the trustee and that in fact, the appellees so intended. To sustain appellant's theory, we would be required to expand the term "offeree" to include anyone who had the power to bring about the result contemplated in the offer. This cannot be done. The

offeror has the right to choose the person with whom he deals. Barker v. Keown, 67 Ill. App. 433; Ott v. Home Savings & Loan Association, 265 F2d 643; 1 Corbin, Contracts, Sec. 56 (1950). To constitute a contract by offer and acceptance, the acceptance must conform exactly to the offer. Snow v. Schulman, 352 Ill. 63, 185 N. E. 262; El Reno Wholesale Grocery Co. v. Stocking, 293 Ill. 494, 127 N. E. 642.

In this case, appellant attempted to accept the offer addressed to Pioneer Trust and Savings Bank, as trustee. This he could not do.

■ The land trust form of land ownership yields certain benefits to the beneficiaries, whether it be effective management, secret ownership, insulation from personal liability or some other advantage. These benefits result from the willingness, on the part of the courts of Illinois, to observe the form of the trust transaction. Reducing one's ownership to a beneficial interest brings about this result. Consistency requires, then, the observance by the beneficiary of the form of the trustee's ownership. Retaining the nature of his interest in order to be entitled to the advantages of a land trust, he may not then deal with the property as if no such trust existed. The trustee's interest is in the title to the real estate and if the beneficiary wishes to deal with that title, he must do so through the trustee.

■ Under the terms of the offer as written, the only party entitled to accept was the trustee bank. It is stipulated that the bank never accepted the offer. Hence, there was never a valid contract formed and the money paid to appellant as an escrow deposit must be returned to appellees. The judgment of the trial court is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.