HERALD CATLETT

v.

JOHN H. DOUGHERTY.

*Statute of Frauds—Contract for Sale of Lands—Parol Rescission—Re. sale—Possession.*

1. A rescission of an executory contract for the sale of lands is within the Statute of Frauds, and requires the same evidence to establish it as is required to establish a sale.

2. A transfer or re-sale of lands to the original owner by one in possession thereof under the contract of purchase is within the Statute of Frauds, and requires some evidence in writing to sustain an action for the consideration.

3. In the case presented the attempted transfer was an intended re-sale and not a rescission of the original contract, said transfer being of a less interest than that covered by said contract.

[Opinion filed May 21, 1886.]

APPEAL from the County Court of Vermilion County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. LAWRENCE & THOMPSON, for appellant.

An action at law can not be maintained for the purchase money of land in the absence of any note or memorandum of the sale, and the fact that there was part performance does not take the case out of the Statute of Frauds. Creighton v. Sanders, 89 Ill. 543; Johnson v. Hanson, 6 Ala. 351; S. C. 41 Am. Doc. 54; Updike v. Armstrong, 3 Scam. 564; Fleming v. Carter, 70 Ill. 286; Wheeler v. Frankenthal, 78 Ill. 124; Hughes v. Moore, 7 Cranch. 192.

The case is not taken out of the Statute of Frauds, because the contract of sale is not established by competent proof to have been clear, definite and unequivocal in all of its terms. Worth v. Worth, 84 Ill. 442; 4 Kent Com. 4th Ed. 519.

And further, the acts of part performance, which in this case is alleged possession, must have been unequivocally in execution of the parol agreement, and not referable to a title

distinct from the parol agreement.   Wallace v. Rappleye, 103 Ill. 229; Frame v. Davison, 14 Ves. 389.

Messrs. O. L. Davis and J. B. Mann, for appellee.

Appellee is not seeking to enforce any contract to purchase land, nor to recover for a breach of a contract to purchase land.   He is merely seeking to recover the price of land, or of an interest in land sold and conveyed.

. Under the contract offered in evidence appellee had an estate in the land and was indeed an equitable owner.   But he only had such interest by virtue of the contract, and when that contract was rescinded the rescission was *ipso facto* a conveyance or merger of the equitable title in the legal title owned by appellant, and was all that was necessary to be done in order to completely extinguish the title of appellee and vest it in appellant.   Such rescission could be made by parol as well as writing.   Falls v. Carpenter, 28 Am. Dec. 605; Dearborn v. Cross, 7 Cow. 48; Morrill v. Colehour, 82 Ill. 619;  Brown v. Gaffney, 28 Ill. 149.

Where a contract has been fully executed and nothing remains to be done but the payment of the money, a recovery may be had upon the money counts.   Eggleston v. Buck, 24 Ill. 262; Lane v. Adams, 19 Ill. 167.

When appellee put appellant into possession of the property with the agreement to surrender all his rights under the written contract, he fully performed his part of the contract and was entitled to receive his money.

Conger, J.   The only question in this record necessary to discuss is one arising upon the Statute of Frauds.   In November, 1878, by a written contract, executed by Catlett and Dougherty, the former agreed to sell and convey to the latter certain lots of land upon which stood a mill, for the price of $4,613.13.   Afterward Dougherty sold one half interest in the property to one McCabe, and afterward, in September, 1881, as testified to by Dougherty, he sold the other undivided half of the mill back to Catlett by a parol contract, at the price of $3,500.

The present action was assumpsit to recover various items of account of which the principal one was this $3,500.

Upon the trial below the court permitted appellee, against the objection of appellant, to prove by parol the verbal contract by which he claimed to have sold the one half interest in the mill property to appellant, and this is the principal error assigned.

It is insisted by appellee, that the transaction was not a sale of an interest in the land but merely a surrender by him to appellant of the equitable interest which appellee held by virtue of the written contract. That as the legal title was in appellant all the time, appellee might well surrender the right of possession, and the equitable right to a conveyance which he held by parol, and that it needed no writing to legally effectuate this purpose.

It would make no difference whether the transaction be regarded as a sale or the rescission of the executory contract, for both would be within the Statute of Frauds, and require some evidence in writing to sustain them. We are inclined to think, however, that the transaction, as testified to by appellee, was not a rescission of the written contract, for there was no attempt by the parties to place themselves in *statu quo*, but that it was intended as a re-sale, for it was of a portion of the property only and not what had been originally purchased, and also for an increased price.

The Statute of Frauds declares: "No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized in writing, signed by such party."

Appellee had by virtue of his written contract an equitable interest in the property. He was also in possession, which is *prima facie* evidence of title, and both of these interests are within the meaning of the statute, and could not be transferred to appellant by parol, so as to make him liable for the purchase

Catlett v. Dougherty.

price.  And this, too, whether the transaction be regarded as a sale or an attempt by parol to rescind the written contract by which appellee became vested with such equitable interest, for both would be within the statute, and require evidence in writing to sustain them; for, "The very object of the statute is to prevent the divestiture of a title to real estate, equitable or legal, by the introduction of loose and indeterminate proof of a contract which the law requires should be made in the most solemn form."  Goucher v. Martin, 9 Watts, 106.

"A contract for the sale and delivery of the possession of land and the improvement thereon must be in writing, otherwise it is within the Statute of Frauds.  Possession is *prima facie* evidence of title, and is an interest in land within the statute."  Howard v. Easton, 7 Johns. 205.

"An oral rescission of the sale of lands is not valid under the Statute of Frauds.  A verbal contract to rescind a written one by which land had become vested is within the Statute of Frauds."  Reed on Statute of Frauds, Vol. 2 Sec. 456.

"An agreement for the rescission of an executory contract for the sale of land is within the Statute of Frauds, and requires the same evidence to establish it as is required to establish the sale."  Dial v. Crain, 10 Texas, 444.

"That the fourth section extends to and embraces equitable as well as legal interests in land is well settled.  It has been held by Mr. Justice Story that a verbal contract to buy a contract for lands, or in other words to buy another man's rights under an executory agreement for the sale of lands to him, was affected by the statute because it was for the purchase of an equitable interest in real estate."  Broom on Statute of Frauds, Sec. 229.

We do not think the case of Morrill v. Colehour, 82 Ill. 618, cited by appellee, in any sense militates against this doctrine.  The court in speaking of the written contract between the parties say: "The written agreement executed by Colehour only binds him to pay appellant and the others equal portions of the one half of the net profits arising from the sale of the lands.  It in no event bound him to convey the land, nor can we imagine any state of facts that could arise:

under the agreement that would require a court of equity to compel him to convey the land to them.  *  *  *  It was not bought to hold as land, but simply as an article of commerce and for speculation, and for that reason equity regards it as personal property among the partners.   In such cases the intentions of the parties stamps the character of the transaction.   We are for these reasons of opinion that this (the parol contract) was not a contract for such an interest in lands as to fall within the Statute of Frauds, and was not therefore void, because it was not in writing."   They there hold that the terms and conditions of this written contract might be dispensed with by parol, for the very reason, as we understand, that the interest held by the written contract was under the circumstances regarded as personalty and not an interest in land within the statute.

Appellee's counsel in their argument say, "we are unable to perceive the application of the Statute of Frauds to this case. Appellee is not seeking to enforce any contract to purchase land, nor to recover for a breach of a contract to purchase land.   He is merely seeking to recover the price of land or of an interest in land sold and conveyed."

We hold the alleged parol contract being void, conveyed nothing, and it is clear that no action can be maintained for the purchase price solely as such when the contract of sale is itself void and passes nothing to the purchaser.

It is also insisted that "full performance takes the case out of the statute."   True; but here is only possession taken under a parol contract which falls far short of full performance, or such part performance as would avail to take the case out of the statute; and part performance would not avail appellee in this action, as "part performance of a verbal contract within the Statute of Frauds has no effect at law to take the case out of its provisions; this can only be done in equity." Wheeler v. Frankenthal & Bro., 78 Ill. 724.

For the error of the court in admitting evidence of this parol contract the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*