IMM ACCEPTANCE CORPORATION, Plaintiff-Appellant, v. FIRST NATIONAL BANK AND TRUST COMPANY OF EVANSTON, *et al.*, Defendants-Appellees.

Second District   No. 2—85—0546

Opinion filed October 28, 1986.

Robert V. Hogan and Mary Jane Chapman, both of Quinn, Jacobs, Barry & Miller, of Chicago, for appellant.

Thomas A. Morris, Jr., and Anaclerio Nicholas, Jr., both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

In this action IMM Acceptance Corporation (plaintiff) sought specific performance or, in the alternative, money damages, for breach of an alleged oral contract to convey the beneficial interests in two Illinois land trusts. Plaintiff also sought damages for the tort of misrepresentation of authority. On July 3, 1985, the trial court held that the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 *et seq.*) applied to the sale of a beneficial interest in an Illinois land trust and dismissed plaintiff's amended complaint with prejudice. Plaintiff thereafter filed this appeal.

Plaintiff filed its initial complaint on May 3, 1985. Named as defendants were First National Bank and Trust Company of Evanston (as trustee under trust No. R2343), First National Bank of Highland Park (as trustee under trust No. 2685), Venture Service Corporation (Venture), Horizon Federal Savings Bank (Horizon) and Jerry C. Lagerquist. Horizon was the parent and sole shareholder of Venture. Venture was the sole owner of the beneficial interests of both land trusts. Lagerquist was vice-president and general counsel of Horizon.

In its complaint, plaintiff alleged that it had entered into an oral agreement with Lagerquist, as agent for Venture, for the sale of certain parcels of real estate which were held in two land trusts and that defendants had breached the contract by selling the property to a third person. Count I of the complaint prayed for specific performance of the contract. Count II of the complaint sought money damages for the alleged breach of contract. Count III of the complaint sought compensatory and punitive damages against Lagerquist for the

tort of misrepresentation of authority.

More specifically, plaintiff's complaint alleged that on or about January 28, 1985, plaintiff entered into an oral agreement with Venture, through its agent, Lagerquist, to purchase three parcels of real estate then held in two Illinois land trusts. The purchase price was tentatively set at $1 million but could be reduced according to an agreed-upon formula if the area of the property held under the land trusts should later be determined to be less than 97 acres. Additional terms of the agreement included: (1) an earnest money deposit of $25,000 to be paid upon acceptance of the contract; (2) a down payment of $225,000 to be paid at closing; and (3) the balance of the purchase price to be paid in 10 equal annual principal installments plus interest at the rate of 10% per annum, commencing one year from the date of closing.

Plaintiff further alleged that on March 19, 1985, Lagerquist advised it that he had plats and surveys which indicated that the property held in trust could be substantially less than 97 acres and that he wished to fix a purchase price. On April 19, 1985, the parties agreed to eliminate the previously agreed-upon formula and agreed upon a fixed price of $930,000 regardless of actual acreage. Thereafter, on April 26, 1985, Lagerquist contacted plaintiff's counsel and advised him that Venture would not sell the property to plaintiff as Venture had previously contracted to sell the land to a third party. Lagerquist then had a $25,000 check issued which constituted the return of plaintiff's earnest money, which Venture had accepted on or about January 28, 1985.

On June 5, 1985, defendants filed a motion to strike and dismiss plaintiff's complaint pursuant to sections 2–606, 2–615 and 2–619(a)(7) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2–606, 2–615, 2–619(a)(7)) on the basis of section 2 of the Statue of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 2). Plaintiff thereafter filed an amended complaint recharacterizing the alleged contract as an oral agreement to sell the beneficial interests in two land trusts. Defendants allowed their motion to strike and dismiss to stand as their motion to dismiss the amended complaint.

On July 3, 1985, the trial court dismissed plaintiff's three-count amended complaint, holding that the Statute of Frauds was applicable to the sale of a beneficial interest in an Illinois land trust. Thereafter, plaintiff filed this appeal that same day. Lastly, by this court's orders of November 5 and 25, 1985, plaintiff's appeal as to count I of its amended complaint was dismissed as moot pursuant to Supreme Court Rule 305(i) (87 Ill. 2d R. 305(i)).

I

The first issue raised is whether the Statute of Frauds applies to the sale of a beneficial interest in a land trust. Section 2 of the statute states in relevant part:

"No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." Ill. Rev. Stat. 1985 ch. 59, par. 2.

■■ Plaintiff argues that the beneficial interest in an Illinois land trust is personal property and not an interest in real property. Therefore, plaintiff contends, the sale of a beneficial interest does not fall within the Statute of Frauds. Defendants argue that this issue was decided contrary to plaintiff's argument in *Cosmopolitan National Bank v. Kobialka* (1980), 85 Ill. App. 3d 1.

In *Kobialka* the purchaser countersued the trustee and beneficiaries of an Illinois land trust for specific performance of a written contract to sell an apartment building which formed the *res* of the trust. The court held that the contract was unenforceable against the seller because, while the contract was in writing and signed by the seller's agent, the agent's authority to act was not in writing as required by the Statute of Frauds. In finding that the Statute of Frauds was applicable to the case, the court stated:

"Furthermore, although here the subject of the contract is property held in a land trust, the contract contemplated the conveyance of a deed to that real estate. The fact that the Kogans' beneficial interest is considered personalty does not bar application of the Statute of Frauds." *Cosmopolitan National Bank v. Kobialka* (1980), 85 Ill. App. 3d 1, 3.

We find *Kobialka* distinguishable from the instant case. While the court's opinion in *Kobialka* did not set forth the actual terms of the contract, the court did note that the contract contemplated the conveyance of a deed to the real property held in trust. It was upon this basis that the court held that the Statute of Frauds was applicable to the contract. In the present case, however, the alleged oral contract did not call for the conveyance of a deed. The agreement, as alleged in plaintiff's amended complaint, required only that the beneficiary transfer its beneficial interest in the land trust. *Kobialka*, therefore, is not controlling and we must decide, as a case of first impression,

whether the Statute of Frauds is applicable to the transfer of a beneficial interest in an Illinois land trust.

■■ ■ The Illinois land trust is a device by which real property is conveyed to a trustee under an arrangement reserving to the beneficiary the full management and control of the property. (*Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 58.) The trustee agrees to deal with the *res* of the trust only upon the direction of the beneficiary or person named as having the power of direction and is not required to inquire into the propriety of any direction received. (32 Ill. App. 2d 55, 58.) The beneficiary retains the power of direction to deal with the title, to manage and control the property, to receive proceeds from sales, mortgages, rentals and avails of the property, and to exercise all rights of ownership, including possession, other than dealing with or holding the legal title. *In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 390; *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 58; Ill. Rev. Stat. 1985, ch. 29, par. 8.31.

■ The Illinois land trust is characteristically different form common law land trusts. While the common law trust creates a split between the legal title in the trustee and the equitable title in the beneficiary, the Illinois land trust places both the legal and equitable title in the trustee. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50.) By placing with the trustee the full, complete, and exclusive title to the real estate, both legal and equitable, the beneficiary's interest in the trust is said to be personal property and not a direct interest in the real estate *res* of the trust. *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 382.

■■ Title to property, however, does not necessarily involve ownership of the property. (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 489.) Title refers only to a legal relationship to the land, while ownership is comparable to control. (75 Ill. 2d 479, 489.) The key elements of ownership are control and the right to enjoy the benefits of the property. (75 Ill. 2d 479, 489.) Ownership, therefore, denotes a type of interest in real estate other than that of holding title thereto. 75 Ill. 2d 479, 489.

■■ In examining the Illinois land trust, it is apparent that true ownership lies with the beneficiary, though title lies with the trustee. (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 482.) While referred to as personal property, every attribute of real property ownership, except title, is retained by the beneficiary under the trust agreement. (75 Ill. 2d 479, 488, 492.) Therefore, regardless of whether the beneficiary's interest may be labeled as personalty, courts

have recognized that the beneficiary is the owner of and has an interest in the real estate *res* of an Illinois land trust for some purposes. See *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479 (beneficiary of Illinois land trust is the owner of the real estate for purposes of taxation); *Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374 (beneficiary of Illinois land trust has "an interest in property" for purposes of filing a cross-petition in an eminent domain proceeding).

■ Plaintiff relies on numerous cases, primarily involving judgment, statutory, or tax liens, in arguing that the beneficiary of an Illinois land trust has only a personal property interest and not a direct interest in the real estate *res* of the trust. In these cases the primary concern is the title to the real estate upon which third parties may rely in transacting business. (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 488.) In such cases the fiction of the land trust is a useful vehicle for allowing ease of transfer. (75 Ill. 2d 479, 488.) Outside of relationships based primarily on title, however, the trustee's title may have little significance. (75 Ill. 2d 479, 493.) In other branches of law where control is the better indicia of ownership, courts have found the beneficiary to be the owner. (75 Ill. 2d 479, 493.) We find, therefore, that the cases relied on by plaintiff are distinguishable for purposes of determining whether a land trust beneficiary has an "interest in or concerning" the land for purposes of the Statute of Frauds.

■ Having found that a beneficiary may have an interest in the *res* of an Illinois land trust for some purposes, we must next decide whether the beneficiary has an interest in or concerning land for purposes of the Statute of Frauds. In interpreting a statute the function of the court is to ascertain and give effect to the intent of the legislature. The court must determine this intention not only from the language employed, but also from the reason and necessity for the law, the evils to be remedied, and the objectives and purposes to be obtained. *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 373.

The actual language of the Statute of Frauds states that it applies not only to the sale of land, but also to the sale of *"any* interest in or concerning" land. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 59, par. 2.) This language does not explicitly require that there be a title interest involved for the statute to be applicable. To the contrary, the statute states that it applies to *any* interest in or concerning land. Therefore, while the beneficiary does not hold a direct interest in the title to the real estate, his "ownership" interest would appear to fall within the broad wording of the Statute of Frauds. See *Catlett v.*

*Dougherty* (1886), 21 Ill. App. 116 (right to possession of real estate is an interest in land for purposes of the Statute of Frauds).

■ This result is also consistent with the purpose of the Statute of Frauds which is "to prevent fraud - in particular, the situation in which one might claim to have entered into a land sale contract which was fictitious or which differed in its terms than those averred." (R. Cummingham, W. Stoebuck & D. Whitman, *The Law of Property* sec. 10.1, at 625 (1984).) Contrary to plaintiff's argument, the purpose of the statute is not limited to preventing the *title* to real property from being upset by parol evidence; it is also to preserve any existing interest or estate in land from the chances, the uncertainty, and the fraud attending the admission of parol evidence. (72 Am. Jur. 2d *Statute of Frauds* sec. 44 (1974).) We find, therefore, that the Statute of Frauds is applicable to the transfer of a beneficial interest in an Illinois land trust.

II

■ Plaintiff argues in the alternative that defendants should be estopped from denying the contract and from using the Statute of Frauds as a technical defense because defendants accepted plaintiff's earnest money and thereby accepted plaintiff's offer. Defendants argue that plaintiff has waived this argument by failing to raise it in the trial court.

It has long been the rule in this State that the theory upon which a case is tried in the lower court cannot be changed on appeal and that an issue not presented to or considered by the trial court cannot be raised for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.) Therefore, since plaintiff did not raise this argument below, we find that it has waived the issue.

For the reasons stated herein, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.