**FIRST DIVISION**
March 15, 2010

No. 1-09-0979

| | | |
|---|---|---|
| BETTE I. ZANDER, | ) | Appeal from the |
| | ) | Circuit Court of |
|    Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
|   v. | ) | No. 08 CH 23123 |
| | ) | |
| CAROL L. ADAMS, Secretary, The | ) | |
| Department of Human Services | ) | |
| CARMELA A. GARDNER, Chief Bureau | ) | |
| of Assistance Hearings, The | ) | |
| Department of Human Services, and | ) | |
| BARRY MARAM, Director, The | ) | |
| Department of Healthcare and | ) | |
| Family Services, | ) | The Honorable |
| | ) | Leroy K. Martin, Jr., |
|    Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GARCIA delivered the opinion of the court.

Plaintiff Bette I. Zander appeals from an administrative decision of the Illinois Department of Human Services (Department) imposing a penalty period during which the plaintiff is ineligible for Medicaid assistance. The circuit court confirmed the Department's decision. Mrs. Zander, an elderly resident of a long-term care facility, assigned her beneficial interest in an Illinois land trust to her three daughters more than 36 months prior to applying for benefits. She argues that period was sufficiently long to shield her from a penalty for transferring her assets under Department regulations. The Department ruled that Mrs. Zander was required to wait 60 months before applying for assistance.

We find the Department properly imposed a penalty on Mrs. Zander because the transfer of beneficial interest constituted a noncash or property disbursement from a revocable trust under Department regulations. Accordingly, we affirm.

BACKGROUND

On June 10, 2003, at the age of 79, Mrs. Zander began living in a group care facility in Illinois. On December 4, 2003, Mrs. Zander created the Zander Land Trust to which she transferred three parcels of real estate she owned in the County of McDonough, McComb, Illinois. One of Mrs. Zander's daughters, Karen Kae Skiles, served as trustee of the Zander Land Trust. The trust entitled Mrs. Zander to 100% of "the earnings, avails and proceeds of said real estate." However, under the terms of the trust, the beneficiary had no "right, title or interest in or to any portion of real estate as such, either equitable or legal." Less than two weeks later, on December 16, 2003, Mrs. Zander executed an assignment of beneficial interest in the Zander Land Trust transferring all of her beneficial interest to her three daughters.

On January 23, 2007, approximately 37 months after the beneficial interest in the Zander Land Trust was transferred to Mrs. Zander's three daughters, the Department received Mrs. Zander's application for Medicaid assistance. The Department found Mrs. Zander eligible for Medicaid, but imposed a penalty period of ineligibility from October 1, 2006, to June 30, 2014

2

1-09-0979

(later adjusted to February 28, 2011), based on the transfer of beneficial interest in the trust, which the Department found was a nonallowable transfer of assets subject to review within 60 months of the application.

Administrative Hearing

On October 19, 2007, a formal hearing was held on the Department's denial of Medicaid assistance to cover the cost of Mrs. Zander's nursing home care. According to Mrs. Zander's main brief, "At the time she applied for medical assistance in January, 2007, Mrs. Zander believed that her gift to her daughters by assignment of beneficial interest would not affect her eligibility as it had occurred more than 36 months prior to her application." Before a hearing officer, Ms. Skiles, the trustee of the Zander Land Trust, testified she had neither collected any income nor distributed any real estate from the trust.

In its decision, the Department set forth provisions of the Illinois Administrative Code (Code) (89 Ill. Adm. Code §120.347, amended at 22 Ill. Reg. 16291, 16299-301, eff. August 28, 1998; 89 Ill. Adm. Code §120.387 amended at 23 Ill. Dec. 11301, 11309-12, eff. August 27, 1999), Title XIX of the Social Security Act (42 U.S.C. §1396p (2006)), and section 3259 of the State Medicaid Manual (State Medicaid Manual, Health Care Financing Administration Publication No. 45-3, Transmittal 64, §3259 (November 1994) (Transmittal 64)). It found the trust was a

3

1-09-0979

revocable trust; Mrs. Zander's assignment constituted a transfer of assets from the trust inuring to the assignees' benefit, which constituted a "payment" under the State Medicaid Manual triggering the 60-month look-back period. Because Mrs. Zander applied for Medicaid assistance after only 37 months, a penalty period of ineligibility was triggered based on the nonallowable transfer of revocable trust assets.

Mrs. Zander sought timely review of the Department's decision in the Circuit Court of Cook County. Treating the issue as one of statutory construction subject to de novo review, the circuit court agreed with the Department that Mrs. Zander's transfer of her beneficial interest in the Zander Land Trust was a payment from a revocable trust under the State and federal Medicaid statutes, triggering the penalty period of ineligibility, and confirmed the Department's decision. This timely appeal followed.

ANALYSIS

An administrative agency's decision is subject to judicial review under Illinois Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2006)). "When reviewing a decision of an administrative agency, the appellate court reviews the decision of the agency, not the decision of the circuit court." Vincent ex rel. Reed v. Department of Human Services, 392 Ill. App. 3d 88, 93, 910 N.E.2d 723 (2009).

Standard of Review

4

1-09-0979

The Department asserts the issue is whether, "for purposes of Medicaid eligibility, an assignment of a beneficial interest in an Illinois land trust is a non-allowable transfer of assets subject to a 60-month look-back."  As framed by Mrs. Zander, the issue is whether her assignment "is a transfer of her personal property or a payment from a revocable trust under 89 Ill. Admin. Code §120.387(e) affecting her eligibility for Medicaid coverage of her long term care."  In either regard, the parties submit the issue presents a question of law, subject to de novo review.  See Vincent, 392 Ill. App. 3d at 93 (whether trust assets were available to Medicaid applicant to determine eligibility presented a pure question of law).  The Department, though charged with determining eligibility for Medicaid assistance, does not assert that its interpretation of the term "payment," to capture the transfer of beneficial interest in an Illinois land trust under its regulations, is entitled to any deference by this court.  Cf. County of Du Page v. Illinois Labor Relations Board, 231 Ill. 2d 593, 608-09, 900 N.E.2d 1095 (2008) (deference is owed to the construction of a statute by the agency charged with its interpretation).  Accordingly, we construe the meaning of the term "payment" in the Department regulations without regard to the Department's interpretation.

Medicaid Legislation

In 1965, Congress enacted Title XIX of the Social Security Act (42 U.S.C. §1396 et seq. (2006)), commonly known as the

5

1-09-0979

Medicaid Act. Gillmore v. Illinois Department of Human Services, 218 Ill. 2d 302, 304, 843 N.E.2d 336 (2006). We quote at length the supreme court's description of the Medicaid program.

> "This statute created a cooperative program in which the federal government reimburses state governments for a portion of the costs to provide medical assistance to two low income groups: the categorically needy and the medically needy. The categorically needy are persons who are automatically eligible to receive cash grants under one of the general welfare programs [citations]. The medically needy are persons who are ineligible to receive cash grants *** because their resources exceed the eligibility threshold ***, but who still lack the ability to pay for medical assistance. See 305 ILCS 5/5-2(2) (West 2002); [citation] People who fall into the second category are called MANG (Medical Assistance-No Grant) recipients. See 89 Ill. Adm. Code §120.10(a) (Conway-Greene CD-ROM March 2002). To qualify for Medicaid as a MANG recipient, a person must have low income and low assets, and the person must 'spend down' any resources over the statutory and

6

1-09-0979

                    regulatory limits. See 89 Ill. Adm. Code

                    §120.10(d) (Conway-Greene CD-ROM March

                    2002)." Gillmore, 218 Ill. 2d at 304-05.

     To ensure that a MANG applicant's true financial resources
are considered in determining Medicaid eligibility, Congress
added look-back provisions to the Medicaid Act to examine assets
held in trusts.

                    "In 1993, Congress sought to combat the

                    rapidly increasing costs of Medicaid by

                    enacting statutory provisions to ensure that

                    persons who could pay for their own care did

                    not receive assistance.  Congress mandated

                    that, in determining Medicaid eligibility, a

                    state must 'look-back' into a three- or

                    five-year period, depending on the asset,

                    before a person applied for assistance to

                    determine if the person made any transfers

                    solely to become eligible for Medicaid.  See

                    42 U.S.C. §1396p(c)(1)(B) (2000).  If the

                    person disposed of assets for less than fair

                    market value during the look-back period, the

                    person is ineligible for medical assistance

                    for a statutory penalty period based on the

                    value of the assets transferred.  See 42

                    U.S.C. §1396p(c)(1)(A) (2000).  Congress also

                                      7

mandated that a state plan for medical assistance must comply with, <u>inter alia</u>, the provisions of section 1396p with respect to 'transfers of assets[] and treatment of certain trusts.' 42 U.S.C. §1396a(a)(18) (2000). That is, any assets disposed of during the look-back period are 'countable' toward the Medicaid limits and subject to the spend-down requirement, if the person's resources are over those limits." <u>Gillmore</u>, 218 Ill. 2d at 306-07.

As the supreme court explained in <u>Gillmore</u>, an applicant seeking Medicaid under MANG may qualify either by a "spend down" of resources or, under the circumstances present in this case where a transfer of trust assets occurred, by delaying an application for the corresponding look-back period. <u>Gillmore</u>, 218 Ill. 2d at 305. "Thus, the Medicaid Act expresses an intent by Congress that '[i]ndividuals are expected to deplete their own resources [or engage in transfer of assets sufficiently in advance] before obtaining assistance from the government.' " <u>Vincent</u>, 392 Ill. App. 3d at 94, quoting <u>Lebow v. Commissioner of the Division of Medical Assistance</u>, 433 Mass. 171, 172, 740 N.E.2d 978, 980 (2001). If an application is submitted within the corresponding look-back period following a transfer of assets from a trust, the transfer may trigger a statutory penalty period

1-09-0979

of ineligibility.

When Illinois elected to participate in the Medicaid program, the Department implemented a program consistent with the federal guidelines. Gillmore v. Department of Human Services, 354 Ill. App. 3d 497, 500-01, 822 N.E.2d 882 (2004), aff'd, 218 Ill. 2d 302, 843 N.E.2d 336 (2006). Illinois now essentially administers its own Medicaid program. See West Virginia University Hospitals, Inc. v. Casey, 885 F.2d 11, 15 (3d Cir. 1989) (Medicaid " 'is basically administered by each state within certain broad requirements and guidelines' "), quoting Data On the Medicaid Program: Eligibility, Services, Expenditures Fiscal Years 1967-77 Before the H. Subcomm. On Health and the Environment, H.R. Rep. No. 10, 95th Cong., 1st Sess. 1 (1999).

Transfer of Assets

Mrs. Zander sought Medicaid assistance under MANG. She does not contend her transfer of beneficial interest in the Zander Land Trust to her daughter was not a transfer of assets under the Department regulations. To the contrary, she contends the 36-month period applies to the transfer given the nature of the interest transferred. She asserts the assignment of beneficial interest in the Zander Land Trust was a "transfer of her personal property, *** not a payment from a revocable trust, *** [and, therefore,] subject to the general 36 month look-back period imposed on transfers of personal property." (Emphasis added.) The Department found the transfer was subject to a look-back

9

period of 60 months.

The parties agree that the State Medicaid Manual (Transmittal 64) is an essential authority on transfer of assets as our supreme court recognized in Gillmore. Gillmore, 218 Ill. 2d at 306-07, quoting 42 U.S.C. §1396a(a)(18)(2000) (Transmittal 64 is a policy document promulgated to comply with "the provisions of section 1396p with respect to 'transfer of assets[] and treatment of certain  trusts' "). Mrs. Zander does not contend that the Zander Land Trust is exempt from the provisions of Transmittal 64 addressing revocable trusts.

Transmittal 64 provides:

"Payment - For purposes of this section a payment from a trust is any disbursal from the corpus of the trust or from income generated by the trust which benefits the party receiving it. A payment may include actual cash, as well as noncash or property disbursements, such as the right to use and occupy real property." State Medicaid Manual, Health Care Financing Administration Publication No. 45-3, Transmittal 64, §3259.1(A)(8) (November 1994).

The Department promulgated section 120.387 of Title 89 of the Code to comply with the requirement for look-back provisions of the 1993 amendment to the Medicaid Act. Section 120.387(d)

10

1-09-0979

provides:

> "A transfer of assets occurs when an institutionalized person *** gives away real or personal property ***. Changing ownership of property to a life estate interest is an asset transfer ***. For assets held in joint tenancy, tenancy in common or similar arrangement, a transfer occurs when an action by any person reduces or eliminates the person's ownership or control of the asset. A transfer occurs when an action or actions are taken which would cause an asset or assets not be received ***." 89 Ill. Adm. Code §120.387(d), amended at F23 Ill. Reg. 11301, 11310, eff. August 27, 1999.

Section 120.387(e) determines the circumstances when the 60 month look-back period applies:

> "(A) the 60 month period applies to payments from a revocable trust that are not treated as income (as described in Section 120.347) ***." 89 Ill. Adm. Code §120.387(e)(1)(A), amended at 23 Ill. Reg. 11310, eff. August 27, 1999.

As a matter of convenience to assist in our review of the imposition of the statutory penalty, we read section 120.387(e)

11

to require three elements before the 60-month period is triggered: (1) a transfer from a revocable trust; (2) the transfer from the trust is not an income payment under section 120.347(f)(2); and (3) the transfer is a payment, other than an income payment.

Mrs. Zander concedes that the Zander Land Trust is a revocable trust, satisfying the first element.

There is also no dispute that the second element is satisfied--the Department could not treat the transfer of beneficial interest from Mrs. Zander to her daughters as an income payment under section 120.347(f)(2). A transfer is treated as an income payment only if it is "made to or for the benefit of" the Medicaid applicant, Mrs. Zander. 89 Ill. Adm. Code §120.347(f)(2), amended at 22 Ill. Reg. 16300, eff. August 28, 1998.

The disagreement between the parties centers on whether Mrs. Zander's transfer of her beneficial interest in the Zander Land Trust to her daughters constituted a payment (other than an income payment), the third element of section 120.387(e)(1)(A). Under Transmittal 64, only if the transfer qualifies as a "payment" from the revocable trust would the 60-month look-back period apply; by contrast, the 36-month period would apply if the transfer were merely a gift of personal property, as Mrs. Zander contends. At the formal hearing, the Department acknowledged that had the transfer been of a "savings account, stock

12

certificates or savings bonds," the look-back would be 36 months.

Mrs. Zander puts forth several interrelated arguments against the Department's decision that the assignment was a nonallowable transfer of trust assets within 60 months of her Medicaid application to trigger the statutory penalty period. Common to each of her arguments is the contention that Mrs. Zander's assignment of beneficial interest is irreconcilable with the term "payment" in the Department regulations.

### Penal Regulation

In challenging the Department's decision, Mrs. Zander makes note that the Department imposed a penalty of ineligibility for Medicaid assistance because the Department found a nonallowable transfer of assets from the Zander Land Trust under section 120.387. Based on the "penal" nature of section 120.387 as to Medicaid eligibility, Mrs. Zander argues that the section "must be strictly construed and the definition of 'payment' may not be extended to include an assignment of beneficial interest." She cites various cases strictly construing penal statutes as authority. In her reply brief, Mrs. Zander notes, "The Department did not refute Mrs. Zander's assertion that the applicable regulation is punitive and therefore subject to strict construction."

At oral argument, the Department asserted that the characterization of section 120.387 as punitive did not warrant a written response because characterizing the regulation as

13

"punitive" does not aid in interpreting the controlling regulations of the Department. According to the Department, the underlying question before us is whether the assignment of beneficial interest in the Zander Land Trust qualifies as a "payment" under the plain and clear language in Transmittal 64 and the Department regulations. From the Department's perspective, there is little in the definition of "payment" that lends itself to be strictly construed.

Because we agree that characterizing the regulation as "punitive" does not aid in the interpretation of the Department regulations, we do not address whether the term "payment" is subject to strict construction. See Sylvester v. Industrial Comm'n, 197 Ill. 2d 225, 232, 756 N.E.2d 822 (2001) (the primary goal in construing the meaning of a statute, "to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature"). While section 120.387 explicitly labels the period of ineligibility a "penalty" for nonallowable transfers of assets of revocable trusts during the controlling look-back period (89 Ill. Adm. Code §120.387(f), amended at 23 Ill. Reg. 11312, eff. August 27, 1999), we must affirm the Department's decision if the assignment of beneficial interest constitutes a "payment" under the plain and clear language of Transmittal 64 and the Department regulations, a question we examine de novo. See Gillmore, 354 Ill. App. 3d at 500 (we look to the clear and plain meaning of the regulation to determine

14

whether the Department's interpretation is correct).

Beneficial Interest as Personal Property

Fundamental to Mrs. Zander's arguments is her contention that it is "well settled Illinois law that the beneficiary of an Illinois land trust holds a personal property interest in the land trust."  See 765 ILCS 405/1 (West 2006); Klein v. La Salle National Bank, 155 Ill. 2d 201, 207, 613 N.E.2d 737 (1993) (beneficiaries' interest in Illinois land trust "is personal property").  Mrs. Zander contends that because the interest she assigned to her daughters is considered "personal property" under Illinois law, this characterization controls the nature of the asset transferred from the Zander Land Trust notwithstanding that the Zander Land Trust was established with the conveyance of real property.  Premised on the transfer of beneficial interest as a transfer of personal property, Mrs. Zander argues that the transfer here cannot constitute a "payment from the trust." (Emphasis added.)  She contends the "personal property interest was never a part of the corpus of the Land Trust and, therefore, could not be paid from the Zander Land Trust."

We do not agree that the legal characterization of beneficial interest as "personal property" under Illinois land trust law controls the Department's review of Mrs. Zander's transfer of beneficial interest from the Zander Land Trust to her daughters.  As our supreme court noted, Congress made clear in its 1993 amendment to the Medicaid Act with the addition of

15

section 1396p that persons able to pay for their own care could not avoid doing so by the " 'transfer of assests[] and treatment of certain trusts.' " Gillmore, 218 Ill. 2d at 307, quoting 42 U.S.C. §1396a(a)(18) (2000). We are unpersuaded that the legal characterization of beneficial interest in an Illinois land trust as personal property should necessarily exclude from the term "payment" a transfer of assets from a revocable trust under the Department regulations mandated by section 1396p of the Medicaid Act. Cf. Vincent, 392 Ill. App. 3d at 95 (Medicaid Act established that specially designed trusts "were 'no longer a permissible means to shelter assets for purposes of Medicaid eligibility' "), quoting Ramey v. Reinertson, 268 F.3d 955, 959 (10th Cir. 2001).

Further supporting our conclusion is Mrs. Zander's observation in her main brief that "[t]he Illinois land trust is '*** a legal fiction whereby an individual converts his ownership interest in real property to ownership in personal property.' [Quoting] Smith v. First National Bank of Danville, 254 Ill. App. 3d 251, 264, 624 N.E.2d 899 (1993)." Mrs. Zander offers no compelling reason that this "legal fiction" should be carried over to Medicaid eligibility when Congress, in an effort to address the "increasing costs of Medicaid," mandated that state plans consider the true resources of Medicaid applicants by looking back into transfers of trust assets. Gillmore, 218 Ill. 2d at 307.

16

In any event, under section 120.387(d), a transfer of assets, subject to a look-back period, "occurs when an institutionalized person *** gives away real or personal property ***."  89 Ill. Adm. Code §120.387(d), amended at 23 Ill. Reg. 11310 eff. August 27, 1999.  As the title to section 120.387 makes clear, consistent with the mandate from Congress, the focus is on "Property Transfers Occurring On or After August 11, 1993." (Emphasis added.)  89 Ill. Adm. Code §120.387, amended at 23 Ill. Reg. 11309, eff. August 27, 1999.  We find unpersuasive Mrs. Zander's position that a transfer of beneficial interest from the Zander Land Trust is, by its very nature, irreconcilable with the term "payment" to trigger the 60-month look-back period for transfers from a revocable trust.  We reject Mrs. Zander's position that the term "payment" cannot apply to the transfer of beneficial interest in an Illinois land trust simply because, under Illinois law, the focus is on the beneficial interest rather than the real property, which forms the principal of the land trust.

Corpus of Trust

Mrs. Zander next contends that because the assignment of beneficial interest in the Zander Land Trust only changed the persons that are entitled to benefit from the "the earnings, avails and proceeds of said real estate," the corpus of the land trust remained unaffected.  The argument is that because the corpus of the land trust remained intact, her "assignment of the

17

beneficial interest was simply a transfer of personal property by Bette Zander to her daughters and not a payment from the trust." (Emphasis added.) Once again, we reject Mrs. Zander's position that a payment from a trust cannot capture the transfer of beneficial interest of a land trust simply because the personal property interest she conveyed in the assignment was not a part of the corpus of the land trust. We reject Ms. Zander's solitary focus on the "personal property" nature of the interest transferred from the Zander Land Trust to drive our analysis.

We emphatically reject Mrs. Zander's claim that "Mrs. Zander's beneficial interest was not an asset of the Zander Land Trust" by virtue of Illinois land trust law that treats the beneficial interest in the land trust as personal property. We reject Mrs. Zander's implicit claim that the principal of the land trust and the beneficial interest in the trust are wholly unrelated. That this claim borders on fiction is readily discernable given that the holder of beneficial interest in an Illinois land trust also has the power to dissolve the trust and sell the real estate, as Mrs. Zander conceded at oral argument. See IMM Acceptance Corp. v. First National Bank & Trust Co., 148 Ill. App. 3d 949, 954, 499 N.E.2d 1012 (1986) ("While referred to as personal property, every attribute of real property ownership, except title, is retained by the beneficiary under [an Illinois land] trust agreement").

In accordance with the congressional mandate that the

18

Illinois Medicaid program take into account the full resources of Medicaid applicants, the Department regulations focus on transfers of assets from a trust. We note that had no transfer of beneficial interest occurred prior to Mrs. Zander's application for Medicaid assistance, the Department was required to treat the real property in the Zander Land Trust "as an available asset" under section 120.347(f)(1) regardless of the restrictions in the land trust documents. See Vincent, 392 Ill. App. 3d at 93-96 (court upheld Department's determination that "trust assets were available for [Medicaid applicant] under federal medicaid law, notwithstanding the trust language to the contrary"). There is no suggestion by Mrs. Zander that this is not so.

If the parcels of real property conveyed to the Zander Land Trust constituted an available asset of Mrs. Zander prior to the assignment of beneficial interest, we find no basis for the available asset in the trust to effectively disappear by the conveyance of beneficial interest of the Zander Land Trust to her daughters. We are unpersuaded that the assignment could not fall within "other payments from the trust as transfers of assets by [the Medicaid applicant] (subject to the provisions of Section 120.387)" (89 Ill. Adm. Code §120.347(f)(3), amended at 22 Ill. Reg. 16300, eff. August 28 1999), simply because the use of the term "payment" is contrary to Mrs. Zander's notion of conveyance of personal property.

19

Final Administrative Decision

In her main brief, Mrs. Zander complains that the "Final Administrative Decision contained no analysis as to why Mrs. Zander's assignment of beneficial interest in the Zander Land Trust was treated as a 'payment' from a revocable trust." We offer the following analysis for the Department's decision specific to Mrs. Zander's circumstances.

On December 4, 2003, after Mrs. Zander became a resident of a care facility, Mrs. Zander established the Zander Land Trust, to which assets of Mrs. Zander were conveyed in the form of several parcels of real estate. Mrs. Zander concedes the Zander Land Trust was a revocable trust. The Zander Land Trust fell subject to section 120.347 (Treatment of Trusts) because "assets of [Mrs. Zander] were used to form *** the principal of the trust." 89 Ill. Adm. Code §120.347(c), amended at 22 Ill. Reg. 16299, eff. August 28, 1998.

On December 16, 2003, Mrs. Zander assigned her beneficial interest in the Zander Land Trust to her three daughters. When Mrs. Zander applied for Medicaid assistance, the Department had "to determine if [Mrs. Zander] made any transfers solely to become eligible for Medicaid." Gillmore, 218 Ill. 2d at 306. In accordance with the congressional mandate on examining assets held in trust, the Department had to treat the principal of the Zander Land Trust as an available asset of Mrs. Zander. The Department then had to determine whether the assignment of

20

beneficial interest fell within the provision requiring that "any other payments from the trust [be treated] as transfers of assets by [Mrs. Zander] (subject to provisions of Section 120.387)." 89 Ill. Adm. Code §120.347(f)(3), amended at 22 Ill. Reg. 16300, eff. August 28, 1998.

If the assignment constituted a "payment" from a revocable trust as contemplated by section 120.387(e)(1)(A), then the 60-month look-back period applied to Mrs. Zander's transfer of assets to her daughters by way of assignment of beneficial interest in the Zander Land Trust. 89 Ill. Adm. Code §120.347(f)(3), amended at 22 Ill. Reg. 16300, eff. August 28, 1998; 89 Ill. Adm. Code §120.387(e)(1)(A), amended at 23 Ill. Reg. 11310, eff. August 27, 1999.

Section 120.347(f)(2) requires that the Department "treat as income[,] payments from the trust that are made to or for the benefit of [Mrs. Zander]"; however, no such income payments were ever made. 89 Ill. Adm. Code §120.347(f)(2), amended at 22 Ill. Reg. 16300, eff. August 27, 1998. Section 120.347(f)(3) requires that the Department "treat <u>any other payments</u> from the trust as transfers of assets by [Mrs. Zander]." (Emphasis added.) 89 Ill. Adm. Code §120.347(f)(3), amended at 22 Ill. Reg. 16300, eff. August 28, 1998.

There is no distinction in the use of "payments" in sections 120.347(f)(2) and (f)(3). "Payment" is also used in section 120.387(e)(1)(A) ("the 60 month period applies to <u>payments</u> from a

21

revocable trust") (emphasis added), 89 Ill. Adm. Code §120.387(e)(1)(A), amended at 23 Ill. Reg. 11310, eff. August 27, 1999. We perceive no difference in the meaning of "payment" used in the Treatment of Trusts section (section 120.347) and the meaning of "payment" used in the section titled Property Transfers Occurring On or After August 11, 1993 (section 120.387). The term "payments" in section 120.387(e)(1)(A) conveys precisely the same action conveyed in sections 120.347(f)(2) and (f)(3), that is, a transfer of assets from a trust, either as "income payments" or, more broadly, as "any other payments." See McMahan v. Industrial Comm'n, 183 Ill. 2d 499, 513, 702 N.E.2d 545 (1998) ("Under basic rules of statutory construction, where the same words appear in different parts of the same statute, they should be given the same meaning unless something in the context indicates that the legislature intended otherwise").

That the term "payment" is repeatedly used in the Department regulations is simply a matter of convenience expressing a transfer of trust assets either to or by a Medicaid applicant. It is the transfer of assets, which constitutes a "payment," that bears scrutiny under the Department regulations: "A transfer of assets occurs when an institutionalized person *** buys, sells or gives away real or personal property ***." 89 Ill. Adm. Code, §120.387(d), amended at 23 Ill. Reg. 11301, eff. August 27, 1999. Mrs. Zander gave away her beneficial interest in the Zander Land

22

Trust to her daughters. We find no basis to exclude this transfer of assets from scrutiny under the Department regulations regarding property transfers from trusts for Medicaid eligibility simply because the conveyance is considered under Illinois law to be that of personal property, a conveyance which Mrs. Zander contends is at odds with the common understanding of the term "payment." "Payment" as used in the Department regulations simply captures the transfer of assets from a revocable trust, which occurred when Mrs. Zander assigned the beneficial interest in the Zander Land Trust to her daughters.

Against this reading of "payment" in the Department regulations to capture the transfer of assets from a revocable trust, Mrs. Zander contends that "payment" under the definition in Transmittal 64 is restricted to a "disbursal from the corpus of the trust or from income generated by the trust." Transmittal 64, §3259.1(a)(8). We are not persuaded that the quoted language controls the meaning of "payment."

Transmittal 64 further provides that "payment" "may include *** noncash or property disbursements, such as the right to use and occupy real property." Transmittal 64, §3259.1(a)(8). That broader definition of "payment" in Transmittal 64 fits precisely the situation present in this case. Mrs. Zander's assignment of beneficial interest in the Zander Land trust was either a noncash disbursement (if Mrs. Zander persists in her claim that assignment was of "personal property") or a property

23

disbursement, giving her daughters the right to use and occupy the real property constituting the principal of the trust. The right to use and occupy is much like the right granted by the Zander Land Trust Agreement to the beneficiaries, which includes the "power of direction to deal with the title to said property and to manage and control said property *** and *** to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises." With the assignment of beneficial interest, Mrs. Zander's three daughters were given the right to use and occupy the principal of the trust, no less so than Mrs. Zander had the right to use and occupy the parcels of real estate prior to establishing the Zander Land Trust. See IMM Acceptance Corp., 148 Ill. App. 3d at 954.

By their clear and plain language, Transmittal 64 and section 120.347 and section 120.387 provide a consistent meaning of "payment," which captures an assignment of beneficial interest because it involves a transfer of assets from the revocable Zander Land Trust. Transmittal 64, §3259.1(a)(8); 89 Ill. Adm. Code §120.347, amended at 22 Ill. Reg. 16299, eff. August 28, 1998; 89 Ill. Adm. Code §120.387, amended at 23 Ill. Reg. 11309, eff. August 27, 1999.

As matter of law, Mrs. Zander's assignment of her beneficial interest in the Zander Land Trust was subject to the 60-month look-back period to determine Medicaid eligibility. Because Mrs. Zander applied for Medicaid after only 37 months following her

24

1-09-0979

transfer of the assets of the Zander Land Trust to her daughters, she was subject to a statutory period of ineligibility.

CONCLUSION

Mrs. Zander's transfer of her beneficial interest in the Zander Land Trust constituted a "payment" from a revocable trust because it was a noncash disbursement or a disbursement of property rights regarding the parcels of real property constituting the principal of the Zander Land Trust. The 60-month look-back period therefore applied to Mrs. Zander's Medicaid application. Because she transferred her beneficial interest in the Zander Land Trust within 60 months of the application, the Department properly imposed the statutory penalty period for Medicaid assistance.

Affirmed.

PATTI and LAMPKIN, JJ., concur.

25

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

BETTE I. ZANDER,
     Plaintiff-Appellant,

  v.

CAROL L. ADAMS, Secretary, The Department of Human Services,
CARMELA A. GARDNER, Chief Bureau of Assistance Hearings, The
Department of Human Services, and BARRY MARAM, Director, The
Department of Healthcare and Family Services,
     Defendants-Appellees.

### No. 1-09-0979

**Appellate Court of Illinois
First District, First Division**

**Filed: March 15, 2010**

### JUSTICE GARCIA delivered the opinion of the court.

**PATTI and LAMPKIN, JJ., concur.**

**Appeal from the Circuit Court of Cook County
Honorable Leroy K. Martin, Jr., Judge Presiding**

| | |
|---|---|
| For PLAINTIFF-APPELLANT | Janna Dutton<br>Janna Dutton & Associates, PC<br>One N. LaSalle Suite 1700<br>Chicago, IL 60602 |
| For DEFENDANT-APPELLEE | Lisa Madigan, Attorney General, State of Illinois<br>Michael A. Scodro, Solicitor General<br>Carl J. Elitz<br>Assistant Attorney General<br>100 W. Randolph Street, 12th Floor<br>Chicago, IL 60601 |